**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MISTY JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 26-357** |
| **ARAB CARTAGE & EXPRESS** | |
| **CO., INC ET AL.** | **SECTION "H"** |

## <u>ORDER AND REASONS</u>

Before the Court is Plaintiff's Motion to Remand and Attorney's Fees (Doc. 5). For the following reasons, the Motion is **GRANTED IN PART**.

## <u>BACKGROUND</u>

Plaintiff Misty Johnson filed this action in Civil District Court for the Parish of Orleans on April 2, 2025, against Defendants Arab Cartage & Express Co., Inc. and George Uchacker for injuries she sustained in an automobile accident that occurred on May 28, 2024. Defendants removed the matter to this Court on diversity grounds on February 18, 2026. Plaintiff now moves for remand, arguing that removal was untimely and that Defendants have not shown that the amount in controversy exceeds the jurisdictional

1

amount of $75,000. Plaintiff also moves for attorney's fees and costs in accordance with 28 U.S.C. § 1447(c). Defendants oppose.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[1] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[2] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[3]

## LAW AND ANALYSIS

Plaintiff argues both that removal was untimely because Defendants should have been aware that the amount in controversy exceeded $75,000 when the petition was filed and also that Defendants have not shown that the amount in controversy exceeds $75,000. Because this Court finds that it does not have diversity jurisdiction over this matter, it does not reach the timeliness issue.

District courts have original jurisdiction over all civil actions between citizens of different states in which the matter in controversy exceeds $75,000.[4] The parties do not dispute that diversity of citizenship is present, however,

---

[1] 28 U.S.C. § 1441.

[2] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).

[3] *Manguno*, 276 F.3d at 723.

[4] *See* 28 U.S.C. § 1332(a)(1).

Plaintiff argues that Defendants have not established that the amount in controversy exceeds $75,000. If removal is sought on the basis of diversity, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[5] Louisiana law, however, requires that a plaintiff include "[n]o specific monetary amount of damages" in a prayer for relief.[6] In that case, removal is proper if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[7]

A defendant attempting removal may demonstrate the amount in controversy to the district court by either "(1) showing that it is facially apparent that the plaintiff's claims likely exceed $75,000 or (2) setting forth 'summary judgment type evidence' of facts in controversy that support a finding of the jurisdictional amount."[8]

Here, the Court concludes that it is not apparent from the face of Plaintiff's petition that her damages exceed $75,000. Plaintiff's petition vaguely alleges physical pain and suffering, mental anguish, lost wages, and other categories of damages. "Where, as here, the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not facially apparent that the

---

[5] *Id.* § 1446(c)(2).

[6] LA. CODE CIV. PROC. art. 893.

[7] *See* Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999); *see also* De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995).

[8] Kliebert v. DG La., LLC, No. 16-2353, 2016 WL 1598608, at *2 (E.D. La. Apr. 20, 2016) (quoting Manguno v. Prudential Property & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002)).

amount of damages would exceed $75,000.'"[9] Accordingly, the Court looks to the evidence provided by Defendants in support of the amount in controversy.

Defendants provide medical evidence that, at the time of removal (twenty months after the accident), Plaintiff continued to complain of bilateral leg and knee pain, back pain, and headaches. Defendants point out that for the first time in late 2025, Plaintiff reported radiculopathy of pain into her buttocks and urinary incontinence. Defendants argue that these new complaints represent "a severe deterioration" of Plaintiff's condition, which may require interventional procedures. Defendants contend that Plaintiff's claims meet the minimum amount in controversy where she has "a lower back injury that has progressed to present complex neurological symptoms, including radiculopathy and incontinence," "bilateral knee injuries that have resisted conservative treatment," and "mental/emotional injuries requiring months of psychological care."[10]

The medical records presented by Defendants, however, do not bear this out. At the time of removal, Plaintiff had undergone only conservative care, and there is no surgical recommendation. An MRI of Plaintiff's knees performed in November 2024 show an acute low grade ACL and MCL sprain

---

[9] Dunomes v. Trinity Marine Prod., Inc., No. 14-1968, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) (quoting Broadway v. Wal-Mart Stores, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000)); Hill v. DG Louisiana, LLC, No. CV 21-325-BAJ-EWD, 2022 WL 3146554, at *5 (M.D. La. July 1, 2022), *report and recommendation adopted*, No. CV 21-325-SDD-EWD, 2022 WL 3142339 (M.D. La. Aug. 5, 2022) ("Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test.").

[10] Doc. 9.

on the right knee. Plaintiff received one set of knee injections in May 2025, and a second set of knee injections was recommended but has not been performed. Indeed, all treatments and medications have been on hold since Plaintiff became pregnant at some point prior to August 2025.

As for her back pain, an MRI of Plaintiff's lumbar spine conducted in November 2024 revealed facet arthropathy but no disc abnormality. In April 2025, a record from Louisiana Pain Specialists suggested that "epidural steroid injections and/or facet-directed procedures" may be necessary "based on the results of conservative care (medications and home exercise routine)" and further imaging.[11] However, there is no indication that any further recommendation had been made at the time of removal a year later. Further, there is no indication in the medical records that Plaintiff's providers associate Plaintiff's newly reported urinary incontinence with the injuries at issue in this case.[12] And despite reporting radiculopathy to the buttocks at her August 2025 appointment, there have been no new recommendations for treatment from her providers.

As for Plaintiff's "mental/emotional injuries," Defendants present only two visit records from January and February 2025, wherein Plaintiff was diagnosed with anxiety as a result of the accident. Her provider presented a conservative treatment plan, and no medication was prescribed. Defendants have not provided this Court with medical bills from any of the Plaintiff's

---

[11] Doc. 9-5.

[12] This Court finds it equally plausible that this new symptom is a result of Plaintiff's pregnancies. The records indicate she gave birth to a child in August 2024 and was again pregnant at her August 2025 appointment with Louisiana Pain Specialists.

treatments or estimates for future recommended treatments. Defendants also do not point this Court to any quantum for the injuries sustained by Plaintiff.

That said, the information provided by Defendants is insufficient to establish that the amount in controversy exceeds the jurisdictional amount.[13] Plaintiff has undergone only one set of knee injections and conservative care. Beyond an additional set of knee injections, Plaintiff's medical records do not detail her prognosis or recommend other future treatment. "[C]ourts have found the lack of a recommendation for surgery to be significant in determining whether a plaintiff . . . meets the amount in controversy requirement when balanced with other factors in the record."[14] "Where the plaintiff has received a surgical recommendation, federal courts generally find there to be sufficient damages to support diversity jurisdiction; where there has been no surgery recommendation, federal courts generally find there to be insufficient damages to support diversity jurisdiction."[15] Further, Defendants have not provided this Court with any medical bills for Plaintiff's care or estimate of the cost of future treatments. Accordingly, Defendants have not carried their burden to show by a preponderance of the evidence that Plaintiff's claims meet the jurisdictional

---

[13] *See Hill*, 2022 WL 3146554, at *5 (holding that amount in controversy was not met where Plaintiff had low back and knee pain, including lumbosacral facet joint syndrome, sacroiliitis, three herniated discs, and multiple bulging discs; had undergone three transforaminal ESIs, and was "pending" a fourth transforaminal ESI and expected medical expenses were $22,265); Butler v. Progressive Sec. Ins. Co., No. CV 21-414-WBV-DPC, 2021 WL 1961666, at *7 (E.D. La. May 17, 2021) (holding that amount in controversy was not met where the plaintiff treated for pain for 21 months, but treatment "consisted of prescription medication, four orders for physical therapy and two epidural steroid injections").

[14] *Id.*

[15] Espadron v. State Farm Mut. Auto. Ins. Co., No. 10-0053, 2010 WL 3168417, at *3 (E.D. La. Aug. 9, 2010).

minimum. This Court therefore does not have diversity jurisdiction over this matter, and remand is appropriate.

Plaintiffs move for an award of costs and fees under 28 U.S.C. § 1447 for the filing of this Motion. Under § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "There is no automatic entitlement to an award of attorney's fees. Indeed, the clear language of the statute makes such an award discretionary."[16] In deciding whether to award attorney's fees, the Fifth Circuit has advised courts to "consider objectively the merits of the defendant's case at the time of removal."[17] "[A] court may award attorney's fees when the removing party lacks an objectively reasonable basis for removal."[18] Here, the Court finds that Defendants had an objectively reasonable basis for removal in light of Plaintiff's ongoing complaints of pain, and an award of attorney's fees is not warranted.

## CONCLUSION

For the foregoing reasons, the Motion to Remand is **GRANTED IN PART**. This matter is **REMANDED** to state court, and the request for attorney's fees is **DENIED**.

---

[16] Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 292 (5th Cir. 2000).
[17] *Id.*
[18] Am. Airlines, Inc. v. Sabre, Inc., 694 F.3d 539, 542 (5th Cir. 2012).

7

New Orleans, Louisiana this 12th day of May, 2026.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

8